### Frank B. Bradley v. Will W. Hammond.

1. CONFLICT OF EVIDENCE—*Province of the Jury.*—In a conflict of testimony it is the province of the jury to say where the truth is.

Assumpsit.—Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

GEORGE B. FOSTER and CHARLES A. WEIBERG, attorneys for appellant.

ARTHUR KEITHLEY, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT. This was an action of assumpsit brought by appellant to recover for money placed in the hands of appellee for investment, and claimed to have been appropriated by appellee to his own use. The declaration contains only the common counts, to which a plea of general issue was filed. A trial by jury resulted in a verdict and judgment in favor of appellee.

The evidence in the record shows that in December, 1892, appellee received from appellant the sum of $4,000 for investment. The sum was first invested in a note executed by one Julius Potter, secured by stock in the Whidby Island Land Syndicate Company, and there remained till the 12th day of April, 1893, drawing interest at the rate of ten per cent per annum. One hundred dollars was paid appellant by appellee as interest, and subsequently appellee invested the $4,000 in the Tucker-Potter Trust Company, a speculating concern, of which appellee was president. The certificate was taken in appellee's name, on the back of which was written, "W. W. Hammond," but was not transferred on the books of the company. In the fall of 1893 the Tucker-Potter Trust Company dissolved, and appellee substituted for the certificate mentioned a Whidby Island Land Certificate, which was also issued in appellee's name.

Appellant claims and swears that these investments were made without his knowledge or consent, and that he knew nothing about them till in July, 1893. Appellee claims and swears that appellant was fully advised of the investments and consented to them. In this conflict it was the peculiar province of the jury to say where the truth was. They decided with appellee. We are not prepared to say that they did so wrongfully. We have carefully examined the instructions and see nothing wrong in them. The judgment will be affirmed.